[Cite as *State v. Huffman*, 2017-Ohio-4097.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-16 |
| | : | |
| v. | : | T.C. NO. 16-CR-358 |
| | : | |
| BRYAN K. HUFFMAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____2nd_____ day of _____June_____, 2017.

. . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, 201 West Main Street, Troy, Ohio 45373
　　　Attorney for Plaintiff-Appellee

SEAN J. VALLONE, Atty. Reg. No. 0064053, 5 Irongate Park Drive, Suite A, Centerville, Ohio 45459
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Bryan K. Huffman pled guilty in the Miami County Court of Common Pleas to possession of heroin, in violation of R.C. 2925.11(A)/(C)(6)(a), a felony of the fifth degree. The trial court sentenced him to 11 months in prison, suspended his driver's license for

one year, and ordered him to pay "restitution"[1] of $125 to the Troy Police Department and court costs of $257.   Huffman appeals from his conviction.

{¶ 2} According to the record, on May 26, 2016, Officer Shane Marker of the Troy Police Department responded to a residence on a report that a male was unconscious and barely breathing.   Marker was led into a room adjacent to the living room, where he found Huffman in a chair, slumped over the armrest toward the floor.   Marker straightened Huffman and observed Huffman's lips turning blue; Marker relocated Huffman to the living room and placed him in a seated position.   The officer observed a bulge in the front right pocket of Huffman's jeans shorts that Marker recognized as a hypodermic syringe.   The Troy Fire Department arrived and administered Naloxone, after which Huffman became coherent, was able to speak, and was able to keep himself seated upright.   Huffman denied that the syringe was his and refused to talk to the police. Officer Marker collected the syringe, and Huffman was taken to the hospital for treatment.

{¶ 3} On May 27, 2016, Huffman was charged by complaint with possession of heroin, in violation of R.C. 2925.11(A), a fifth-degree felony.   On August 1, 2016, Huffman waived grand jury consideration of the charge in writing and in open court.   He agreed to proceed by bill of information, waived his right to one day's notice of the bill of information, and pled guilty to the charge as stated in the bill of information.   After a presentence investigation, the trial court sentenced him to 11 months in prison, suspended his driver's license for one year, ordered him to pay court costs of $257, and because the offense was a drug abuse offense, ordered him to pay $125 to the Troy

---

[1] The record reflects that this "restitution" represented the cost of drug analysis, which may be assessed against a drug abuse offender, pursuant to R.C. 2925.511.

Police Department.

{¶ 4} On appeal, Huffman's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he found no non-frivolous issues for appeal. Counsel indicated that Huffman's primary concern was that he was not provided an opportunity for drug treatment. By entry, we informed Huffman that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. To date, no pro se brief has been filed.

{¶ 5} As stated above, Huffman states as a potential error that the trial court did not place him on community control with drug treatment. He asserts that the trial court's comment at sentencing that a prison term was appropriate to prevent him from dying of a drug overdose was "fallacious as he could obtain substances in prison." Huffman acknowledges in his appellate brief that he had "died" twice from overdoses and had been revived by medical personnel.

{¶ 6} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 7} In sentencing Huffman, the trial court made a finding under R.C. 2929.13(B)(1)(b), which provides the trial court with discretion to impose a prison term for a fifth degree felony offense that is not an offense of violence or qualifying assault offense

under certain circumstances. Specifically, the trial court found that community control was not mandatory, because Huffman was on probation at the time of the offense, R.C. 2929.13(B)(1)(b)(xi), and had previously served a prison term for a felony, R.C. 2929.13(B)(1)(b)(x).

{¶ 8} In imposing a prison sentence, the trial court summarized its reasoning, as follows:

So, Mr. Huffman, here's the bottom line. I'm sending you to prison for your own good. You're not going to end up dead on my watch and quite frankly the only way I can guarantee that is to incarcerate you. As I indicated, you've been given every opportunity by the court system to get help, and yet you have failed to deal with your addiction. Multiple times services and assistance have been offered to you; you have not taken full advantage of those. So I'm going to make sure that you are clean for the next eleven months. And at that point * * * you will be in the position to take charge of your life, because no one wants to see you end up dead, so use your time wisely while you're in prison, and make a commitment to breaking the cycle of your addiction that you've clearly demonstrated. You've got to do this for yourself, sir. So after weighing the factors, the Court finds the defendant is not currently amenable to Community Control Sanction, that a prison sentence is consistent with the purposes and principles of sentencing.

{¶ 9} Upon review of the presentence investigation report, we find no arguably meritorious claim that the trial court erred in imposing an 11-month prison sentence.

Huffman was 29 years old at sentencing, and he had an extensive history of juvenile and adult misdemeanor offenses. Huffman had been placed on supervision on ten occasions; in each instance, the supervision was revoked, and Huffman served a jail sentence. In 2010, Huffman's community control related to two Shelby County cases was revoked, and he served a prison sentence.

{¶ 10} Moreover, the presentence investigation report indicated that Huffman had previously received substance abuse assessment and been provided opportunities for treatment. Huffman did not successfully complete those programs, and the report stated that he had an "unreceptive attitude toward treatment." The PSI includes the following comments regarding substance abuse treatment:

MCRC Discharge Summary, dated 6/23/16, indicates that the Defendant was terminated from treatment due to a Miami Co. Municipal Court probation revocation and incarceration. The Discharge Summary indicates that the Defendant OD'd twice since his intake at MCRC on 5/12/16.

The Defendant reported that he would like to be considered for Vivitrol and in-patient treatment, as he "has not been offered either." On 8/23/16, this writer spoke with Miami County Municipal Court PO * * * who indicated that they will not consider the Defendant for Vivitrol/MCRC program through their court due to his on-going non-compliance. On 8/24/16, this writer confirmed that the Defendant was offered in-patient treatment, as a Transitional Control client, at SORTS. His discharge summary indicates that he was "unreceptive to treatment," was "stuck in the

victim role," and "blamed others for his behavior." He attended only four AoD sessions, and was absent from eight AoD sessions, prior to being terminated from the program and returned to prison.

(Emphasis in original.) Based on the presentence investigation report, we find no non-frivolous claim regarding the trial court's decision to impose an 11-month prison term.

{¶ 11} We have reviewed the entire record, including the presentence investigation report and the transcripts of the arraignment/plea hearing and sentencing. Having conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we agree with appellate counsel that there are no non-frivolous issues for review.

{¶ 12} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Paul M. Watkins
Sean J. Vallone
Bryan K. Huffman
Hon. Jeannine N. Pratt