[Cite as *State v. Cencebaugh*, 2018-Ohio-2216.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27665 |
| | : | |
| v. | : | T.C. NO. 2016-CR-3676 |
| | : | |
| BRYANT M. CENCEBAUGH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 8th day of June, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH HUTNIK, Atty. Reg. No. 95900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee


AMY FERGUSON, Atty. Reg. No. 88397, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** This matter is before the Court on the July 21, 2017 Notice of Appeal of Bryant Cencebaugh. Cencebaugh appeals from his July 20, 2017 Judgment Entry of Conviction, following a no contest plea, to one count of aggravated possession of drugs, namely fentanyl, in violation of R.C. 2925.11(A), a felony of the fifth degree. Cencebaugh received a sentence of 11 months, and the court suspended his driver's license for three years. We hereby affirm the judgment of the trial court.

**{¶ 2}** Cencebaugh was indicted on December 28, 2016. On April 28, 2017, he filed a "Motion to Dismiss Indictment; Hearing Requested," based upon Ohio's Good Samaritan Law, R.C. 2925.11(B)(2)(b). The motion provides that on August 21, 2016, around 3:02 p.m., Cencebaugh was trespassed from Sycamore Medical Center after he was found in the men's restroom "dry heaving" into a trash can and vomiting into a toilet by security personnel. A syringe with blood in it and a gel capsule that was tested and determined to be fentanyl were found near Cencebaugh in plain view. The motion provides that Cencebaugh was prevented from obtaining treatment at the emergency room, and that on the same day, around 5:02 p.m., he was later "found overdosed in a home at 419 Kercher Street as a result of a call for a welfare check." The motion provides that Cencebaugh sought a referral for treatment within 30 days of the incident.

**{¶ 3}** The State responded to the motion on May 5, 2017, noting that "no one sought or obtained medical assistance for Defendant. The Defendant did not claim to be, nor did anyone believe him to be, experiencing a drug overdose." The State noted that Cencebaugh denied knowledge of the syringe and capsule.

**{¶ 4}** The trial court overruled Cencebaugh's motion on May 9, 2017. The court

determined that Cencebaugh was not a "qualified individual" under R.C. 2925.11(B)(2)(a)(viii) because he was not "seeking medical treatment at the time he was found in the restroom at Sycamore Medical Center," and because he "denied the use of drugs, denied having the paraphernalia in the restroom, and did not ask for medical assistance despite being present at a hospital."

{¶ 5} On May 10, 2017, Cencebaugh failed to appear as ordered in court, and he was arrested on June 7, 2017. On June 20, 2017, Cencebaugh entered his plea of no contest, and he was sentenced on July 19, 2017.

{¶ 6} Cencebaugh asserts a single assignment of error herein as follows:

THE COURT ABUSED IT'S [sic] DISCRETION WHEN SENTENCING MR. CENCEBAUGH TO ELEVEN MONTHS IN PRISON.

{¶ 7} Cencebaugh asserts that he "was facing a prison sentence of six to twelve months; however, he was also eligible for community control sanctions. The Judge examined the purposes and principles of sentencing and determined that a sentence of 11 months was appropriate." Cencebaugh asserts that "the Judge was within the law in determining that prison is an appropriate sanction; however, it was an abuse of discretion based upon the particular facts relied upon at sentencing and seriousness of the charge." Cencebaugh acknowledges that he "has 13 previous felony convictions and has had some problems in the past complying with community control sanctions." He argues that "the court should have lowered Mr. Cencebaugh's sentence or at least not disapproved of shock incarceration or intensive prison programs." According to Cencebaugh, it "is clear based upon the nature of the crime that [he] suffers from a drug abuse issue and therefore a more community based sanction would have been more appropriate."

Cencebaugh asserts that his sentence is "unduly burdensome," and that "a sanction that would include drug treatment" should have been imposed.

{¶ 8} The State responds that "Cencebaugh has not satisfied his burden of showing, by clear and convincing evidence, that the record on appeal does not support his sentence." The State asserts that abuse of discretion "is the wrong standard of review."

{¶ 9} We agree with the State. As this Court has recently noted:

In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016– Ohio–1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

*State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6 (affirming sentence of 11 months for possession of heroin, a felony of the fifth degree, on an appeal pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967)).

{¶ 10} The transcript of Cencebaugh's sentencing hearing reflects that the trial court indicated that it reviewed the pre-sentence investigation report ("PSI"), and that it considered the purposes and principles of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. The court noted that "this is your 13th felony conviction and that you've had some problems in the past complying with

community control sanctions."

**{¶ 11}** Cencebaugh's sentence is within the statutory range for a felony of the fifth degree, and it is not contrary to law. R.C. 2929.14(A)(5). As the State notes, Cencebaugh's criminal history is lengthy both as a juvenile and an adult. He has multiple adult misdemeanor convictions, and 12 previous adult felony convictions. Cencebaugh's PSI provides as follows:

> Mr. Cencebaugh was sentenced to community control sanctions on March 16, 2010, in C#09 CR 04189 and C#10 CR 00089. Mr. Cencebaugh's performance while under supervision was abysmal. He failed to pay any financial obligations, and did not complete any of his court ordered sanctions. Additionally, he was arrested on new misdemeanor theft offenses. On June 17, 2010, Mr. Cencebaugh entered residential treatment at the Center for Alcohol and Drug Addictions Services (CADAS). On July 6, 2010, he was unsuccessfully discharged from the program for multiple rule violations, being disrespectful to females, and making threats. On July 13, 2010, he entered the MonDay program. On September 9, 2010, he was unsuccessfully discharged from the MonDay program due to multiple rule violations. At this time, his probation was revoked, and he was sentenced to prison.

> Mr. Cencebaugh was sentenced to community control sanctions on February 1, 2012 in 11 CR 3621, 11 CR 4058, and 11 CR 4060. Mr. Cencebaugh entered residential treatment at Nova Behavioral Health soon after he was placed on supervision. However, on February 18, 2012, Mr.

Cencebaugh was discharged from Nova after he was found in possession of a syringe. An absconding warrant was issued at that time. Mr. Cencebaugh was arrested on the absconding warrant on February 28, 2012, and by this time he had incurred additional charges in 12 CR 1089 and 12 CR 690. * * *

Mr. Cencebaugh is on probation supervision in the state of Florida for a drug offense. * * *

{¶ 12} Based upon the forgoing, we find it is evident why the trial court did not consider community control sanctions or a shorter term appropriate for Cencebaugh, and we agree with the State that he failed to establish that the record does not support his sentence. Accordingly, his assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, J., concurring:

{¶ 13} I agree with the resolution in this case but write separately to express my view regarding the standard of review of trial court sentencing decisions. I start with the notion that the trial court was not required to make any "findings" before imposing the sentence within the statutory range as long as the court considered the statutory factors in R.C. 2929.12 and R.C. 2929.13. The court expressed that it did generally consider those sections.

{¶ 14} My concerns are particularly applicable with respect to paragraph six of *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, which is quoted in paragraph nine of the majority opinion as follows: "* * * an appellate court may increase,

reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." In my view, if there are no "findings" (as opposed to general statutory considerations) required to be made, then one cannot clearly and convincingly determine that the record does not support the "specified findings" because "findings" not required to be made do not exist.

{¶ 15} Moreover, my interpretation of *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, allows a sentence to be vacated or modified "only if the appellate court finds by clear and convincing *evidence* that the record does not support the sentence." *Id.* at ¶ 23 (Emphasis added).[1] The difference is that the above *Huffman* quote is in the affirmative, requiring the State or the court to have introduced information into the record to justify the sentence. I believe the *Marcum* quote is in the negative. If the record does not contain *evidence* from which we can determine that the sentence is clearly wrong, then it stands, and we are without authority to adjust it. The majority's quote puts the burden on the State or the court, incorrectly in my view, to insure there is information in the record to justify the sentence. This distinction is particularly important with regard to sentencing following a plea where the record often is sparse, perhaps even where the defense, or the court, dispenses with a PSI report.

{¶ 16} I previously have written that "even a record that is largely silent is not

---

[1] I acknowledge that the Supreme Court, in several subsequent references to *Marcum*, has stated "[i]n *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, we held that R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law and/or (2) unsupported by the record. *Id.* at ¶ 7." *See, e.g. State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1. But the Supreme Court has not explicitly ruled on the issue I raise here.

clearly and convincingly contrary to a trial court's consecutive-sentencing determination unless there is substantial affirmative factual information in support of the defendant to conclude that the trial court is clearly wrong." *State v. Kay,* 2d Dist. Montgomery No. 26344, 2015-Ohio-4403, ¶ 27 (Hall, J., dissenting). Regardless of my expressed concerns, in this case the record affirmatively supports the sentence imposed. Accordingly, I concur.


TUCKER, J., concurring:

{¶ 17} Judge Hall's concurring opinion raises an interesting, important issue regarding the interpretation of *State v. Marcum* and, ultimately, the appropriate interpretation of R.C. 2953.08(G)(2). But, as Judge Hall notes, the pending case does not require consideration of the issue. I think Judge Hall's position has merit, but our consideration, and resolution, of the issue must await a record that requires such consideration and resolution.



Copies mailed to:

Sarah Hutnik
Amy Ferguson
Hon. Dennis J. Adkins