[Cite as *State v. Dotson*, 2019-Ohio-2032.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-25 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-120 |
| | : | |
| NATHAN DOTSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of May, 2019.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Miami County Prosecutor's Office, Appellate Division, Safety Building, 201 West Main Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

JAMES S. ARMSTRONG, Atty. Reg. No. 0020638, P.O. Box 20368, Dayton, Ohio 45420
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Nathan Dotson pled guilty to attempted felonious assault and was sentenced to 30 months in prison. Dotson's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he found no meritorious issues for appellate review. Counsel nonetheless has identified two potential assignments of error:

> (1) whether the trial court erred by failing to comply with Crim.R. 11 in accepting Dotson's plea, and
>
> (2) whether Dotson's guilty plea was entered knowingly, intelligently, and voluntarily.

{¶ 2} We informed Dotson that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. To date, no pro se brief has been filed.

{¶ 3} Pursuant to *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Id.* at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because the prosecution can be expected to present a strong argument in response. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue – whether presented by appellate counsel, presented by the defendant, or found through an independent analysis – is not wholly frivolous, we must

appoint different appellate counsel to represent the defendant. *Id.* at ¶ 7.

## Factual and Procedural Background

{¶ 4} Dotson was indicted for a single count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, alleged to have occurred on December 25, 2017. (Doc. #1). Pursuant to a plea agreement, Dotson entered a plea of guilty to a reduced third-degree felony charge of attempted felonious assault, with no sentencing recommendation made by the State.

{¶ 5} During the plea hearing, the State did not present the facts underlying the offense or set forth the elements of the amended charge. In response to questioning by the trial court, Dotson stated that he was a 35-year-old high school graduate and a U.S. citizen. He denied being under the influence of medications, drugs, or alcohol, or ever having suffered from any mental illness or disease. Dotson had no pending criminal charges and was not on community control, parole, or post-release control.

{¶ 6} Dotson confirmed his understanding that he would be pleading guilty to attempted felonious assault, a third-degree felony. He said that he had read, understood, and voluntarily signed the written plea agreement. Dotson's attorney also confirmed that counsel had reviewed that document with Dotson and believed that Dotson understood its contents; Dotson indicated that he was satisfied with his attorney's representation. Dotson then affirmed that he understood the allegations set forth in the indictment and what the State would be required to prove in order for the court to find Dotson guilty of attempted felonious assault. He also indicated his understanding that a guilty plea was a complete admission of guilt that would result in a guilty judgment against him.

{¶ 7} The court then informed Dotson that the potential penalty for attempted

felonious assault was a non-mandatory prison sentence of 9, 12, 18, 24, 30, or 36 months and a $10,000 fine. The court further advised that Dotson could be subject to additional sanctions, such as paying court costs and restitution. Additionally, the court explained that Dotson could be placed on community control for up to five years, the possible penalties for violating community control, and the requirement of three years of post-release control ("PRC") if he were to receive a prison sentence. Dotson indicated his understanding of each of those items.

{¶ 8} Continuing, the trial court advised Dotson that, by pleading guilty, he would be waiving his constitutional rights to a jury trial, to require the State to prove his guilt beyond a reasonable doubt as to each and every element of the offense, to confront and cross-examine the witnesses against him, to compel witnesses to appear on his behalf, and to remain silent at trial. The court also informed Dotson of his right to appeal and his right to counsel. Again, Dotson affirmed his understanding of each of the trial court's statements.

{¶ 9} On the record, the State then moved to amend the indictment to reflect a charge of attempted felonious assault in violation of R.C. 2903.11(A)(1), a third-degree felony. Dotson entered an oral plea of guilty to that amended charge. He also signed the written plea form. (*See* Doc. #16). Finding that Dotson entered that plea knowingly, intelligently, and voluntarily, the trial court accepted the plea and found Dotson guilty of attempted felonious assault. Per Dotson's request, the court continued the matter for completion of a presentence investigation ("PSI") prior to sentencing.

{¶ 10} At the sentencing hearing, Dotson's attorney provided an explanation of the circumstances underlying Dotson's offense, purportedly acquired through conversation

with Dotson's younger brother, Joshua, who witnessed some of the events. As described by defense counsel, Dotson and his three daughters with his former wife had been at Joshua's family's home for a holiday celebration. Dotson "was inebriated" when he later stopped by his own home with the three girls. The victim, Julie – the mother of Dotson's then-girlfriend and the grandmother of Dotson's two-year-old son – and Julie's fiance were at the home visiting, and they objected to Dotson's behavior around Dotson's son while Dotson was intoxicated. An argument ensued, and Dotson's 12-year-old daughter carried the two-year-old outside to leave, with Julie in pursuit. The daughter fell while holding the younger child, but Dotson mistakenly thought that Julie had pushed or knocked his children to the ground. According to Dotson's attorney, Joshua "believe[d] that's what prompted [Dotson] to punch the grandmother as he did and create these awful injuries." (Sentencing Hearing Tr., p. 5).

{¶ 11} While acknowledging that there was "not any justification whatsoever" for Dotson's conduct (*id.*), defense counsel urged that Dotson had suffered "a lot of negative consequences already," had found employment and was avoiding alcohol use, was participating in individual counseling, and was attending AA. (*Id.*, pp. 6-10). Dotson's counsel urged the trial court to sentence Dotson to probation. (*Id.*, p. 11).

{¶ 12} The trial court summarized Dotson's prior criminal history as detailed in the PSI, including two traffic citations as a juvenile and, as an adult, one conviction for forgery, two for theft (one from an elderly or disabled person), two for disorderly conduct (one reduced from domestic violence), and one for use or possession of marijuana and drug paraphernalia. His record also included dismissed charges, the most recent being a telephone harassment charge dismissed on November 28, 2017.

{¶ 13} The court also reviewed a lengthy written statement and a supplemental statement from Julie, as well as a statement from her fiance, regarding the assault's impact on the 56-year-old victim. According to her statement, Julie suffered a fractured eye socket and a concussion as a result of being punched in the face by Dotson, and also had bruising on her chest and broken eyeglasses as a result of Dotson's pushing her against an inside door before she exited the home. Julie described a pattern of alcohol and drug abuse and escalating aggressive behavior by Dotson over the time he had been dating Julie's daughter. Less than a month before the assault, Julie had dismissed the telephone harassment complaint she filed against Dotson, due to fear that Dotson would retaliate against her daughter or grandson.

{¶ 14} The PSI stated that the police officers who took Julie's assault report indicated that Julie's "eye ball was blood red with no white showing, and blood [was] running down her face * * * from her left eye." In relating his version of events to the presentence investigator, Dotson said that "the events of the evening [we]re not as clear to [him] from being sever[e]ly intoxicated." However, Dotson echoed his brother's impression that Dotson believed he was defending his daughter. Dotson admitted to "excessive" use of alcohol, monthly use of marijuana, and "[r]are" use of Vicodin and Percocet, and said that he had been under the influence of alcohol and opiates at the time of the assault.

{¶ 15} Weighing the recidivism and seriousness factors set forth in R.C. 2929.12, the trial court found that Dotson "has a history of criminal convictions," "demonstrates a pattern of alcohol and drug abuse related to the offense and does not fully acknowledge it," "demonstrates no genuine remorse," and "has not responded favorably to sanctions

previously imposed by an adult court." (Sentencing Hearing Tr., p. 17). The court found no factors making recidivism less likely. As to seriousness factors, the court found that the injury was exacerbated by the victim's age, that the victim suffered serious physical and psychological harm, that the victim's relationship to Dotson as the mother of his fiancée and the primary caretaker of his son facilitated the offense, that the victim was a household member, and that Dotson was a parent who committed the offense in the vicinity of one or more children. The court found no factors making the offense less serious.

{¶ 16} Terming the act of "cold-cocking a fifty-five year old woman" in front of his children (*id.*, p. 19) "flat out reprehensible" (*id.*, p. 18), the trial court sentenced Dotson to 30 months in prison, with four days of jail time credit. The court did not impose a fine or direct Dotson to make restitution, but did order him to pay court costs. The court further advised Dotson that he was subject to three years of PRC upon his release from prison, explained the possible consequences of PRC violations, and advised Dotson of his right to appeal and his right to appellate counsel.

{¶ 17} Defense counsel objected to the trial court's finding that Dotson lacked remorse and its suggestion that Dotson was not amenable to treatment; the court overruled those objections.

### *Anders* Review

*a. Pretrial Matters*

{¶ 18} As an initial matter, we find no non-frivolous issues implicated by the events that preceded Dotson's guilty plea. A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v.*

*Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea generally waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3.

{¶ 19} Prior to Dotson's plea, the parties exchanged discovery and filed their respective witness lists. The only other motion filed sought a continuance of the trial date due to the absence of a witness for the State (Doc. #12); that motion was granted. (Doc. #13). Our review of the record reveals nothing that occurred prior to the plea hearing that suggests a viable, non-frivolous issue for appeal.

*b. Dotson's Plea*

{¶ 20} Crim.R. 11(C)(2) requires a trial court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

**{¶ 21}** The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need comply only substantially with those requirements. *E.g., State v. Bishop*, Ohio Slip Opinion No. 2018-Ohio-5132, __ N.E.3d __, ¶ 11. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he [or she] is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). In contrast, the trial court must comply strictly with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

**{¶ 22}** Furthermore, when non-constitutional rights are at issue, a defendant who challenges his or her guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17.

**{¶ 23}** But "[w]hen the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) *Clark* at ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* But if the trial court completely failed to comply with the rule, the plea must be vacated. *Id.* Complete failure " 'to comply with the rule does not implicate an analysis of prejudice.' " *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 24} After reviewing the record, we conclude that the trial court strictly complied with its obligations under Crim.R. 11(C)(2)(c) by fully apprising Dotson of the constitutional rights he was waiving by entering a guilty plea. Further, we determine that the trial court substantially complied with its obligations under Crim.R. 11(C)(2)(a) and (b). The trial court accurately advised Dotson of the maximum penalties for the attempted felonious assault offense, including a prison sentence of up to 36 months, a $ 10,000 fine, the possibility of restitution, and court costs. The court told Dotson that, if he were sentenced to prison, the Adult Parole Authority would place him on a mandatory three years of PRC upon his release from prison, and also informed Dotson of the consequences of violating PRC. Additionally, the trial court notified Dotson that he could be sentenced to up to five years of community control, and it described the possible community control sanctions that could be imposed and the possible consequences if Dotson violated the terms of community control.

{¶ 25} The trial court confirmed with the parties that Dotson was pleading guilty to a reduced charge of attempted felonious assault, and that, in exchange, the State would not pursue the original felonious assault charge or make a sentencing recommendation. Although no statement of facts was offered and the indictment was not read into the hearing record, Dotson said he understood the allegations set forth in the indictment, and also indicated he understood what the State would have to prove in order for Dotson to be found guilty of attempted felonious assault.

{¶ 26} The State is not required to articulate at the plea hearing the factual basis for a felony guilty plea. *State v. Riddle*, 2017-Ohio-1199, 88 N.E.3d 475, ¶ 39 (2d Dist.). As a general rule, "[a] guilty plea admits the facts set forth in the indictment, not the

[underlying] facts set forth at the plea hearing." *Id.,* quoting *State v. Greathouse*, 158 Ohio App.3d 135, 2004-Ohio-3402, 814 N.E.2d 502, ¶ 8 (2d Dist.). "Pleading guilty is 'an admission of every material fact well pleaded in the indictment, dispensing with the necessity of proving them, and authorizing the court to proceed to judgment.' " *Id.*, quoting *Greathouse* at ¶ 7. When a defendant "has been informed of the charge in the indictment and has had a full opportunity to discuss that charge with his attorney, slight variations in the description of the offense at the plea hearing" will not support a presumption that the defendant did not understand the nature of the charges against him. *Id.*, citing *Greathouse* at ¶ 8.

{¶ 27} We recently held that a guilty plea may be rendered less than knowing, intelligent, and voluntary where incomplete and inconsistent statements made by the prosecutor and the trial court during the plea hearing may have created confusion about the elements necessary to prove a defendant guilty of the relevant offense, thus undermining confidence that the defendant fully understood the nature of the charges against him and what the State would be required to prove in order to establish his guilt. *See State v. Davis*, 2d Dist. Clark No. 2018-CA-0049, 2019 Ohio 1904, ¶ 31-33. While the prosecutor in Dotson's case also failed to read the indictment into the record, here no inconsistent descriptions of the offense's elements were set forth during the plea hearing. As a result, there is no reason to assume that the actions of the prosecutor or the trial court may have confused Dotson as to the elements needed to prove his guilt, especially given Dotson's affirmation that he had read and understood the indictment, understood that the State would have to prove all elements of the charged offense, and had received satisfactory explanations from his trial counsel about the plea agreement. While the

offense to which Dotson pled differed from the offense charged in the original indictment, Dotson's professed understanding of the elements necessary to prove felonious assault demonstrates that he was not prejudiced by the State's failure to specify the elements necessary to prove the lesser-included offense of attempted felonious assault.

**{¶ 28}** The record reveals no basis to conclude that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and (b) or that Dotson's guilty plea was not knowing, intelligent, and voluntary, and also discloses no other non-frivolous issues related to Dotson's guilty plea to attempted felonious assault.

*c. Dotson's Sentence*

**{¶ 29}** In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

**{¶ 30}** "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500,

2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 31} Dotson's appellate counsel has identified no potential assignments of error arising from Dotson's sentence, and our review of the record also has disclosed none. Pursuant to R.C. 2929.14(A)(3)(b), the trial court had discretion to impose a 30-month prison term for Dotson's third-degree felony offense. In reaching that sentencing decision, the court stated that it had considered the purposes and principles of sentencing,[1] and expressly referenced R.C. 2929.12, detailing its assessment of the recidivism and seriousness sentencing factors enumerated thereunder.

{¶ 32} As prescribed by R.C. 2929.19, the court also considered Dotson's PSI and the victim impact statements submitted. The trial court listed Dotson's history of prior felony convictions and jail sentences as an adult, noting that some other felony charges were pled down to misdemeanors and one complaint involving the same victim was dismissed less than a month before this offense. While Dotson acknowledged that he had a substance abuse problem, the trial court noted that the record contained no documentation to substantiate his attorney's claim that Dotson was making progress in counseling. The court also remarked on the victim's age and relationship to Dotson, the severity of her injuries, and the fact that Dotson's four minor children all witnessed the incident. Based on the record before us, we find no non-frivolous issue regarding the trial court's decision to impose a less-than-maximum prison sentence of 30 months.

---

[1] According to the record, the trial court referred to those purposes and principles as being set forth at R.C. "2929.19" (*see* Sentencing Hearing Tr., p. 16) instead of R.C. 2929.1**1**, where they actually appear. Despite that error, the record indicates that the trial court took into account the requisite considerations.

## Conclusion

**{¶ 33}** Having examined the entire record and conducted our independent review in accordance with *Penson,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, we agree with appellate counsel that no non-frivolous issues exist for review. Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

WELBAUM, P.J., concurs in judgment only.

Copies sent to:

Paul M. Watkins
James S. Armstrong
Nathan Dotson
Hon. Jeannine N. Pratt