[Cite as *State v. Mitchell*, 2019-Ohio-5270.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-12 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-328 |
| | : | |
| SARAH MITCHELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of December, 2019.

. . . . . . . . . . .

DAVID M. MORRISON, Atty. Reg. No. 0087487, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

WILLIAM O. CASS JR., Atty. Reg. No. 0034517, 135 West Dorothy Lane, Suite 117, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Sarah Mitchell pled guilty in the Greene County Court of Common Pleas to aggravated possession of drugs, a third-degree felony. The trial court sentenced her to the maximum term of three years in prison. Mitchell appeals from her conviction, claiming that the trial court erred in imposing the maximum prison sentence. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} The presentence investigation report (PSI) reveals the following facts.

{¶ 3} On September 13, 2017, Mitchell was seated with two other individuals in a parked vehicle at a Taco Bell in Fairborn when police officers approached the vehicle. Taco Bell employees had advised the officers that that the vehicle had been parked for more than hour and the occupants may be intoxicated. Mitchell, who was in the driver's seat, told the officers that they were homeless and living out of the car. Mitchell gave the officers permission to search the vehicle. In the front passenger side area, officers located a McDonald's bag with a loaded syringe inside. (The front-seat passenger denied knowing about the syringe and claimed that the McDonald's bag was not hers.)

{¶ 4} After being placed in a cruiser, Mitchell was asked if there was anything else in the car. Mitchell responded that she was not sure, but "there is a pill bottle with a clear liquid in my backpack." Officers located a pill bottle with no label and a clear liquid in a black backpack on the driver's seat. Mitchell told the officers that the liquid was a "clear form of meth" and that it belonged to her front-seat passenger, but she had taken it because of "the addict in her [Mitchell]." The substance was field-tested and found to be positive for methamphetamine. Mitchell was placed in handcuffs, at which time a syringe cap fell out of her pocket.

{¶ 5} The PSI reflects that, at the time of the offense, Mitchell was on community control for trafficking in heroin, a felony of the fourth degree, in Hocking C.P. No. 2015-CR-0134.

{¶ 6} In May 2018, Mitchell was indicted on one count of aggravated possession of drugs, a third-degree felony, based on her possession of a pill bottle filled with Mountain Dew with some methamphetamine mixed with it. Mitchell, who then resided in Perry County, was arrested on the charge on July 22, 2018, and was released on bond soon thereafter. She pled not guilty at her arraignment on August 3, 2018. Mitchell failed to appear for a pretrial conference on August 29, and a capias was issued for her arrest.

{¶ 7} In September 2018, the parties reached a plea agreement. In consideration for Mitchell's plea of guilty to the charged offense, the State recommended that she receive community control with inpatient chemical dependency treatment. The State further recommended the minimum mandatory fine if Mitchell were found not to be indigent. At the plea hearing on September 20, the trial court informed Mitchell that it was not required to accept the State's recommendation and that it wanted Mitchell to participate in a presentence investigation so that it could determine an appropriate sentence, which could be either prison or community control.

{¶ 8} The trial court set a bond of $15,000 (no ten percent) pending sentencing. Mitchell posted a bond on October 15, 2018. One of her bond conditions included that she report to the Adult Probation Department for her presentence interview on October 23, 2018. Sentencing was scheduled for November 15, 2018.

{¶ 9} According to the PSI, on October 17, 2018, two days after her release, Mitchell allegedly committed trafficking in heroin, a felony of the second degree, and

permitting drug abuse, a felony of the fifth degree, in Perry County. *See* Perry C.P. No. 2018-CR-0097. On October 23, Mitchell left a voice mail with the Greene County Adult Probation Department, asking to reschedule her PSI interview that was scheduled for that afternoon. A probation officer repeatedly attempted to reach Mitchell, but was unsuccessful. On November 6, a probation officer requested a capias for Mitchell's arrest due to Mitchell's failure to report to the Adult Probation Department or return any phone calls. Mitchell was arrested in Perry County on December 31, 2018 related to charges in that county, and was arrested on the Greene County bond violation on January 4, 2019.

{¶ 10} At sentencing on February 28, 2019, defense counsel told the court that Mitchell "has some significant drug issues seeming to stem since 2014" and "it's apparent that she has a pretty severe addiction to many drugs." Counsel stated that Mitchell had successfully completed treatment at one time at a community-based correctional facility (CBCF), but continued to struggle. Counsel noted that the degree of the offense in this case was largely due to the amount of Mountain Dew in the pill bottle, as opposed to the amount of methamphetamine. Counsel acknowledged that Mitchell was "a candidate for prison at this time having been through CBCF," but counsel expressed concern with Mitchell's going to prison because she (Mitchell) would be surrounded by people who would encourage addiction. Counsel asked the court to consider ordering Mitchell to complete inpatient treatment again before imposing a prison sentence.

{¶ 11} Speaking on her own behalf, Mitchell indicated that she was an addict and "really could benefit from more treatment." Mitchell wanted an opportunity to be a parent to her three children, who she stated were in her mother's custody.

{¶ 12} The trial court imposed the maximum sentence of 36 months in prison. The court explained its reasons, stating:

> The first thing I want to say to you is – and I want you to understand, and I'd hope most people involved in this process would understand this – I have true empathy for an addict, a person who is in the grip of drugs; and I do appreciate having been here a fairly long time and seeing many people sitting in your chairs that grip doesn't let go, and it's hard, regardless what people want to do, to overcome that.
>
> And I suppose if anyone had a magic wand to be able to do something that would fix an addition, we would want to do that.
>
> It's basically running the criminal justice system. Nine out of ten people who come to this court, their case has something to do with drugs, whether it's a drug offense itself or they're high on drugs or did something to get money for drugs. It is the criminal justice system – the addiction and the people that do these things.
>
> What the courts try to do is take steps to offer opportunities for people because ultimately it's not any court order that fixes people. It's the individual's choice.
>
> Having said that, I still recognize the difficulties for a person's addiction, particularly when the addiction is heroin, but any addiction long-term has a negative [e]ffect on people.
>
> Ultimately the Court has a lot of considerations in a disposition, and one of the considerations is, what is in your best interest? What can we do

to help you in a manner and in an environment that might make sense, that might be something that you would embrace?

I don't know really where you are in terms of your ability or your desire to overcome your addiction. I mean, I know people say they want to overcome an addition, and I hear that, and I appreciate that; but that's – it's easy to say the words. It's hard to follow that road, and I appreciate that as well.

Now, I do have to tell you this: The case that's in front of me also requires me to make a generalized statement, not just to you, but to the public at large; and I emphasize that with my previous comment that drugs are running the justice system.

Your addiction has resulted in your committing a lot of offenses, and here's probably what's driving my decision more than anything else, and this is something you've done in the past.

You committed a crime in Hocking County, and you were on probation; but while you're on Community Control in Hocking County, you committed the crime in this county.

When you – and this is probably equally bad – while you were released on bond in this county, you know what you did. Two days later, you're committing another felony offense in another county. I know it's not done yet, but you were charged with that.

The mere fact that you were in a position to have probable cause to be charged does not bode well.

Your addiction takes me to the point of saying, I just don't have a spot for you on Community Control that's going to work for you.

I have to do something that accomplishes two things: One, gets you into an environment that if you want drug treatment, it's going to be available to you; and, secondly, since you've never been sent to prison before, to ask you – to have you ask yourself a question, is this where I want to go in my life?

Now, I don't know where they're going to send you, but I've been to Marysville before. Probably not a place that people are living out the dream, and so you've got to decide ultimately is this the future I'm seeking or do I have to work hard to try something else?

Now, I'm not your father. I'm not trying to lecture you. I apologize if you take it as that. I'm doing this for me because I want you to understand why I'm doing what I'm doing.

I'm imposing a prison sentence. This prison sentence is going to be of a duration that will provide an opportunity for you.

I'm not going to order this. There's a program at the institution known as the Tapestry Program.[1] The reason I think it's a good program is, they do not allow judges to order anyone into that program. They only allow people who say, I want to do this program.

---

[1] The Tapestry program is a therapeutic community located within the Ohio Reformatory for Women in Marysville, Ohio. It serves 90 alcohol/drug dependent women, housed separately from the general population, and helps participants "develop skills they need to maintain sobriety and live a pro-social life." CompDrug, Tapestry (ORW), https://www.compdrug.com/tc/tapestry (accessed Dec. 4, 2019).

If you are interested in some form of treatment that might have an impact upon your future, th[en] my advice is, you are – when you get to the institution say that you want to enter the Tapestry Program, and they'll screen you for that.

Now, personally I think you're a great candidate for the program, and they should accept you into the program; and, again, you're going to have a sentence that's long enough that will provide that opportunity to do that, because it's a long-term program, which I believe are the best programs because you don't go in 90 days and get cured.   It doesn't happen.

I mean, you kind of put your toe in the water and you know how – what the temperature is, but you haven't taken a bath yet, and that's what these long-term programs do.   They immerse you in the understanding of what it takes to address a drug addiction, so that's why I'm doing what I'm doing, and we'll proceed. * * *

(Footnote added.)

{¶ 13} The trial court then found that a prison term was consistent with the purposes and principles of sentencing and that Mitchell was not amenable to community control sanctions.   The court further found that community control would demean the seriousness of Mitchell's conduct and would not place an unnecessary burden on government resources.   As stated above, the court imposed 36 months in prison, the maximum sentence.

{¶ 14} Mitchell appeals from her conviction, claiming that "the trial court's decision to impose a maximum sentence is clearly and convincingly not supported by the record."

{¶ 15} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 16} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 17} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender,

and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 18} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense; R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record, if any.

{¶ 19} For purposes of sentencing, a court "is not confined to [considering] the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 14 (2d Dist.); *State v. Davis*, 2d Dist. Clark No. 2018-CA-49, 2019-Ohio-1904, ¶ 47. Sentencing courts may consider, for example, "hearsay evidence, facts related to charges that were dismissed pursuant to a plea bargain, and allegations contained in a PSI report." *State v. Bautista*, 2d Dist. Clark No. 2015-CA-74, 2016-Ohio-5436, ¶ 12, citing *State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 8.

{¶ 20} The PSI reflects that Mitchell's drug offenses date back to December 2008,

when she was convicted in the Hocking County Municipal Court of possession of marijuana and drug paraphernalia. In 2014, she pled guilty in two separate cases in the Perry County Municipal Court to possession of drug abuse instruments and "marijuana paraphernalia." In 2016, Mitchell was convicted of trafficking in heroin, a fourth-degree felony, in Hocking County, for which she received an "unknown jail sanction" and was placed on community control. The instant offense, a third-degree felony, was committed while she was on community control, and she allegedly committed two additional felony drug offenses in October 2018 in Perry County – trafficking in heroin and permitting drug abuse – two days after her release on bond in this case. In short, the severity of Mitchell's drug offenses had escalated recently, substantiating defense counsel's argument that Mitchell had a "pretty severe addiction" when sentencing occurred.

{¶ 21} The trial court's three-year sentence was within the permissible range of sentences for a violation of R.C. 2925.11(A), *see* R.C. 2929.14(A)(3)(b), and the trial court provided an extensive explanation of its reasons for imposing that sentence. In short, the trial court found that Mitchell was not amenable to community control, and that the maximum sentence was necessary to afford her enough time to obtain drug treatment in prison. Because Mitchell's sentence was lawful, we focus on whether it was clearly and convincingly unsupported by the record.

{¶ 22} Mitchell had not previously served a prison sentence, but we cannot conclude, on this record, that a prison sentence was clearly and convincingly unsupported by the record. Mitchell committed the instant offense while on community control and twice violated the terms of her bond while this case was pending. The second time, she allegedly committed new drug offenses two days after her release on bond pending

sentencing and she failed to comply with the bond condition that she participate in the presentence investigation. Although the State recommended community control (in accordance with the plea agreement), the court could have reasonably concluded that Mitchell was not amenable to community control.

{¶ 23} While Mitchell's argument on appeal focuses on the trial court's imposition of a prison sentence rather than community control, she further claims that the court erred in imposing the maximum sentence. A lengthy prison sentence which is at least for the offender's "own good" must be reviewed in light of R.C. 2929.11(A)'s purpose of "promot[ing] the effective rehabilitation of the offender using the *minimum* sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." (Emphasis added.) Before imposing the maximum sentence, a trial court should consider the significant toll inherent in lengthy prison sentences, such as the effect on an offender's future housing, employment, family relationships, social support networks, and the like, as well as the economic costs.[2] In addition, although the trial court indicated a familiarity with the Tapestry program, the availability of long-term treatment programs in the prison setting, particularly given the prevalence of drug addiction as an underlying cause of criminal activity, is not always present. The unfortunate reality is that the demand for addiction treatment far exceeds the available programs, both in prison and in the community. Here, there is no indication that court did not consider these or other relevant factors.

{¶ 24} We cannot conclude that the trial court's imposition of the three-year

---

[2] *See, e.g.*, Leipold, *Is Mass Incarceration Inevitable?,* 56 Am. Crim. L.Rev. 1579 (2019); Jain, *Capitalizing on Criminal Justice*, 67 Duke L.J. 1381 (2018).

sentence is clearly and convincingly unsupported by the record in this case. Defense counsel and Mitchell acknowledged – and her continuing and escalating drug offenses reflect – that Mitchell had a severe addiction and that treatment was needed. Mitchell had previously completed (successfully) a treatment program at a community-based correctional facility, but had relapsed. Whether another court may have exercised its discretion differently and imposed community control or a less than maximum sentence in an attempt to provide her an opportunity for treatment is immaterial; the trial court's three-year sentence, in this case, is not clearly and convincingly unsupported by the record.

{¶ 25} Mitchell's assignment of error is overruled.

{¶ 26} The trial court's judgment will be affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

David M. Morrison
William O. Cass Jr.
Hon. Stephen Wolaver