[Cite as *State v. Hughey*, 2013-Ohio-4155.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


State of Ohio,                                  :

     Plaintiff-Appellee,                   :
                                                                      No. 13AP-135
v.                                              :            (C.P.C. No. 12CR-09-4871)

Kirk M. Hughey,                                 :            (REGULAR CALENDAR)

     Defendant-Appellant.               :

---

D E C I S I O N

Rendered on September 24, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Yeura R. Venters*, Public Defender, and *Allen V. Adair*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

SADLER, J.

{¶ 1} Defendant-appellant, Kirk M. Hughey, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because his sentence is not contrary to law, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 25, 2012, appellant was indicted on four counts of receiving stolen property, in violation of R.C. 2913.51. Three of the counts were indicted as fifth-degree felonies, and one of the counts was indicted as a fourth-degree felony. On November 14, 2012, appellant entered a plea of guilty to one count of receiving stolen property as a fourth-degree felony and three first-degree misdemeanor counts of

attempted receiving stolen property, in violation of R.C. 2913.02.  According to the facts as read into the record during the plea hearing, the charges herein involved events that occurred on September 12 and 14, 2012, at which times appellant was alleged to have been in possession of a stolen vehicle, golf clubs, sunglasses, a GPS device, and other miscellaneous property.  Also at the plea hearing, appellant indicated his heroin use was the underlying provocation for the offenses with which he was charged.

{¶ 3}   After accepting the guilty pleas, the trial court stated, "I'm very concerned about letting him out, given the heroin and given the seriousness of the charges, and given at least at the outset of this thing, he gave the streets of Columbus as his address, even if he's got a place to live with grandma."  (Nov. 14, 2012 Tr., 16.)  After hearing from both appellant's counsel and the prosecutor, the trial court stated, "[g]iven the heroin stuff, I guess my concern is should we keep him on house arrest, or just put him on recognizance bond and have a reporting and drug drops?  I sure don't want to see him relapse." (Nov. 14, 2012 Tr., 18.)  After consideration, the court stated, "I'll change bond to a $2,500 recognizance bond with reporting and drug screens.  Order a PSI and a CBCF screen. Order a curfew of 11 p.m. to 7 a.m. seven days a week.  And the address that [appellant] is required to live at on bond is 2087 Kennington * * * Avenue, Columbus, 43221."  (Nov. 14, 2012 Tr., 20.)

{¶ 4}   On November 30, 2012, appellant's bond was revoked pending sentencing due to appellant's admission of using heroin while on bond.  According to the hearing, it was undisputed that appellant overdosed on heroin on or about November 20 and, as a result, was no longer permitted to reside at 2087 Kennington Avenue.

{¶ 5}   A sentencing hearing was held on February 7, 2013, at which time appellant was sentenced to six months' incarceration on each conviction for attempted receiving stolen property to run concurrent with each other and concurrent with the 15-month sentence imposed on the conviction for receiving stolen property.  In addition, appellant was awarded 132 days of jail-time credit and ordered to pay restitution in the total amount of $1,300.  A judgment entry reflecting such action was filed the following day.

## II. ASSIGNMENTS OF ERROR

{¶ 6}   This appeal followed and appellant brings the following assignments of error for our review:

> [I.] Appellant's sentence was contrary to law as R.C. 2929.13(B) requires community control in the circumstances presented.
>
> [II.] If timely objection on the record to the imposition of a prison sentence was essential, counsel's failure to do so means appellant received ineffective assistance of counsel.

## III. DISCUSSION

### A. First Assignment of Error

{¶ 7}   In his first assignment of error, appellant contends his sentence is contrary to law because he was entitled to a presumption of community control.  As noted by appellant's assignment of error, his counsel did not object to the sentence at the sentencing hearing; therefore, appellant has forfeited all but plain error.  *See* Crim.R. 52(B); *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 8.  Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  "To constitute plain error, the error must be obvious on the record, palpable, and fundamental such that it should have been apparent to the trial court without objection."  *State v. Gullick*, 10th Dist. No. 13AP-26, 2013-Ohio-3342, ¶ 3, citing *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995).  In addition, "plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions."  *Id.*, citing *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996).  A reviewing court notices plain error "with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *Id.*, citing *State v. Phillips*, 74 Ohio St.3d 72, 83 (1995).

{¶ 8}   In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, a plurality of the Supreme Court of Ohio decided that an "appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence."  *Id.* at ¶ 14.  Thus, as a purely legal question, "this is subject to review only to determine whether it is

clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Id*. Though *Kalish* suggests the actual term of imprisonment imposed in a trial court should also be reviewed under an abuse of discretion standard, appellant's argument challenges that his sentence was contrary to law. Accordingly, we determine if the trial court's sentence was clearly and convincingly contrary to law. *Id*.; *State v. Sheehi*, 10th Dist. No. 12AP-641, 2013-Ohio-2213, ¶ 10.

{¶ 9} R.C. 2929.13(B)(1)(a) sets forth a presumption for community control if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence. *State v. Spencer*, 3d Dist. No. 6-12-15, 2013-Ohio-137, ¶ 21. However, pursuant to R.C. 2929.13(B)(1)(b)(iii), the trial court has discretion to impose a prison term upon said offender if the offender violated a term of the conditions of bond as set by the court. *Id*. Said portions of R.C. 2929.13(B)(1) provide, in relevant part:

> (a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:
>
> * * *
>
> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.
>
> * * *
>
> (b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if any of the following apply:
>
> * * *
>
> (iii) The offender violated a term of the conditions of bond as set by the court.

{¶ 10} According to appellant, his use and overdose of heroin while on bond was not a proper basis for denying community control because said conduct was not a stated condition of his bond. It is appellant's position that his bond required only that he

(1) report to pre-trial services, (2) submit to drug screenings, (3) observe an 11 p.m. to 7 a.m. curfew, and (4) reside at 2087 Kennington Avenue. In support of his position, appellant directs this court to the November 14 transcript of the plea hearing and the bond form signed by appellant.

{¶ 11} In contrast, appellee contends refraining from the use of heroin was both an express and implied condition of appellant's bond, and, therefore, his heroin use while on bond violated the conditions thereof. Appellee also argues appellant violated his bond by no longer being able to reside at the requisite address on Kennington Avenue.

{¶ 12} During the plea hearing, appellant specifically indicated that heroin use was the provocation for the underlying charges. Also at the plea hearing, the trial court twice indicated its concern of appellant using heroin while awaiting sentencing and its concern regarding the possibility of a relapse. This is evidenced by the November 14 transcript of the plea hearing quoted previously in this decision. Though appellant acknowledges that he was required to submit to drug screenings, he nonetheless contends that, because he was not explicitly instructed to refrain from using heroin while on bond, his admitted use and overdose of heroin on November 20 does not constitute a violation of the stated bond conditions. We find appellant's contention unsound.

{¶ 13} To accept appellant's position would require this court to conclude that so long as appellant appeared and underwent drug screenings, the conditions of his bond would be satisfied regardless of whether or not he was *actually using* heroin or other illegal substances while on bond. Such is a conclusion this court cannot reach. By requiring appellant to undergo drug screenings while on bond, the trial court clearly expressed its intention that appellant refrain from using illegal substances, including heroin, during that timeframe. As such, refraining from the use of such substances was an inherent condition of appellant's bond. As stated in *In re Mason*, 116 Ohio App.3d 451, 454 (7th Dist.1996), with respect to a bail revocation:

> The fact that the court did not expressly state as conditions to bail that petitioner may not violate criminal provisions of the Revised Code is immaterial. These inherent conditions exist for every issuance of bail. Any conditions that a court may attach to the issuance of bail are not granted in lieu of the criminal provisions of the Revised Code, but in addition to them. These are conditions by which all citizens of the state

are bound, regardless of status. * * * Where an accused is free on bail, however, and the court determines that the accused has violated conditions of bail, whether the conditions be express or implied, the accused is subject to the court's sanctioning authority for violation of the conditions, including revocation of bail bond.

{¶ 14} Because refraining from use of heroin and other illegal substances was, at the very least, either an inherent or implied condition of appellant's bond, based on appellant's admitted use of heroin while on bond, the trial court could find appellant violated the conditions thereof. Therefore, in accordance with R.C. 2929.13(B)(1)(b)(iii), the trial court had discretion to impose a prison term upon appellant.

{¶ 15} For the foregoing reasons, we conclude appellant's sentence is not contrary to law and shows no error, plain or otherwise. Accordingly, we overrule appellant's first assignment of error.

### B. Second Assignment of Error

{¶ 16} In his second assignment of error, appellant contends that if a timely objection on the record to the imposition of a prison sentence was essential, his counsel's failure to do so constitutes ineffective assistance of counsel.

{¶ 17} In Ohio, a properly licensed attorney is presumed competent. *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 301 (1965). Therefore, the burden of showing ineffective assistance of counsel is on the party asserting it. *State v. Smith*, 17 Ohio St.3d 98, 100 (1985). Additionally, in fairly assessing counsel's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101.

{¶ 18} "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial [court] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to succeed on a claim of ineffective assistance of counsel, appellant must satisfy a two-prong test. First, he must demonstrate that his trial counsel's performance was deficient. *Id.* at 687. This requires a showing that his counsel committed errors which were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* If he can show

deficient performance, he must next demonstrate that he was prejudiced by the deficient performance. *Id.* To show prejudice, he must establish there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the trial would have been different. A reasonable probability is one sufficient to erode confidence in the outcome. *Id.* at 694.

{¶ 19} For the reasons set forth in our disposition of appellant's first assignment of error, the trial court had discretion to impose a prison sentence in this case. Therefore, appellant's ineffective assistance of counsel argument must fail, as the trial court's sentence was not contrary to law and, thus, did not merit an objection on the basis that it was bound to sentence appellant to a term of community control. Accordingly, trial counsel's decision not to object to the imposition of a prison sentence in this case does not constitute deficient performance. " '[C]ounsel will not be deemed ineffective for failing to make a meritless objection.' " *State v. Pariscoff*, 10th Dist. No. 09AP-848, 2010-Ohio-2070, ¶ 37, quoting *State v. Copley*, 10th Dist. No. 04AP-1128, 2006-Ohio-2737, ¶ 48, citing *State v. Shahan*, 4th Dist. No. 02CA63, 2003-Ohio-6945, ¶ 38. Consequently, we overrule appellant's second assignment of error.

## IV. CONCLUSION

{¶ 20} Having overruled both of appellant's asserted assignments of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

_____