[Cite as *State v. Crawford*, 2014-Ohio-4599.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26073 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-2742 |
| v. | : | |
| | : | |
| PRISCILLA CRAWFORD | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 17th day of October, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by APRIL F. CAMPBELL, Atty. Reg. #0089541, Montgomery County Prosecutor's Office, Appellate Division, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DENNIS L. BAILEY, Atty. Reg. #0017205, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Priscilla Crawford appeals from her conviction and sentence following a no-contest plea to one count of heroin possession, a fifth-degree felony, and one count of possession of drug paraphernalia, a fourth-degree misdemeanor.

{¶ 2}   Crawford advances two assignments of error. First, she contends the trial court erred in denying her motion for intervention in lieu of conviction (ILC) on the basis that she was statutorily ineligible. Second, she claims the trial court erred in revoking her own-recognizance bond without a hearing.

{¶ 3}   The record reflects that Crawford was indicted on October 15, 2013. After she twice failed to appear for her arraignment, a warrant was issued. The trial court later recalled the warrant, possibly due to unsuccessful service of process on Crawford. In any event, on December 9, 2013, the trial court granted her an own-recognizance bond with special conditions. (Doc. #9).   The following day, the trial court reset her arraignment to December 17, 2013. (Doc. #10). On December 11, 2013, the State moved for revocation of her bond based on her failure to appear for prior arraignments and her alleged disruption of counseling sessions. (Doc. #11). On December 12, 2013, the trial court filed an entry continuing the bond previously set. (Doc. #13). The following day, however, the trial court issued a warrant on the indictment and set a $10,000 surety bond. (Doc. #14-15).

{¶ 4}   Following her arraignment, Crawford apparently moved for ILC on December 20, 2013. Although no written ILC motion exists in the record,[1] the State does not dispute that she moved for ILC. The trial court also recognized that she had requested ILC. In accepting her no-contest plea on January 16, 2014, the trial court explained that it was denying ILC based on its

---

[1] In her appellate brief, Crawford contends she filed a motion for ILC on December 20, 2013. No such motion exists in the trial court's docket. Rather, the docket reflects the filing of two identical or substantially similar demands for discovery and *Brady* material on December 19, 2013 and December 20, 2013. (Doc. #20-21). After a sheriff's transportation fee entry (Doc. #22), the next entries are Crawford's no-contest plea forms. (Doc. #23-24). The plea forms are followed by the trial court's termination entry. (Doc. #25). Following the termination entry is Crawford's motion for reconsideration of the denial of ILC. (Doc. #26). However, no written motion for ILC exists in

belief that she was statutorily ineligible due to her own-recognizance bond having been revoked for failing to appear for arraignment. (Plea Tr. at 2-3). The trial court added that Crawford's no-contest plea would preserve her ability to argue ILC eligibility on appeal. (*Id.* at 3-4). After accepting the plea, the trial court found her guilty. It placed her on community control and imposed other sanctions. (Doc. #25). This appeal followed.

{¶ 5}     In her first assignment of error, Crawford contends the trial court erred in finding her ineligible for ILC due to the revocation of her own-recognizance bond. For its part, the State concedes error based on this court's recent opinion in *State v. Taylor*, 2014-Ohio-2821, 15 N.E.3d 900 (2d Dist.), which we decided after the trial court's ruling. Upon review, we agree that *Taylor* controls and that Crawford was ILC eligible.

{¶ 6}     In *Taylor*, we analyzed the S.B. 160 version of the ILC statue, which took effect March 22, 2013. This amended version of the statute unquestionably applies because Crawford committed her offenses after the effective date. A portion of that statute, R.C. 2951.041(B)(1), makes a defendant ILC eligible if, among other things, upon conviction the trial court "would impose a community control sanction on the offender under division (B)(2) of section 2929.13 of the Revised Code." Here the trial court *did* impose community control on Crawford. The issue is whether it acted "under" R.C. 2929.13(B)(2). The relevant portions of R.C. 2929.13(B) read:

> *(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's*

---

the record.

*duration if all of the following apply*:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

*(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:*

\* \* \*

*(iii) The offender violated a term of the conditions of bond as set by the court.*

*(2) If division (B)(1) of this section does not apply, \* \* \* in determining*

*whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.*

(Emphasis added) R.C. 2929.13(B)(1)(a), (B)(1)(b), and (B)(2).

**{¶ 7}** In *Taylor*, we recognized that "R.C. 2929.13(B)(1)(a) mandates community control for fourth and fifth-degree felonies when certain requirements are met." *Taylor* at ¶ 7. "Under division (B)(1)(b), however, a trial court regains discretion to impose a prison term on a defendant who otherwise would fit within the scope of division (B)(1)(a) but for the presence of one or more additional facts." *Id.* "Finally, division (B)(2) provides that '[i]f division (B)(1) * * * does not apply,' a trial court should exercise its discretion in deciding whether to impose a prison term by considering the purposes and principles of sentencing and the statutory seriousness and recidivism factors." *Id.*

**{¶ 8}** After analyzing the ILC statute and R.C. 2929.13(B), we found two problems in *Taylor*. "First, as written, the ILC statute excludes from eligibility those offenders seemingly best suited for ILC—i.e., defendants who committed the least egregious offenses and, therefore, would receive mandatory community control under R.C. 2929.13(B)(1)(a). Because they would be sentenced to mandatory community control under division (B)(1)(a), they would not be sentenced to community control under division (B)(2), as required for ILC eligibility." *Id.* at ¶ 9. Second, the current scheme "provides a trial court with no guidance how to exercise its discretion on an offender under R.C. 2929.13(B)(1)(b)." *Id.* at ¶ 10. In particular, "nothing in R.C. 2929.13(B)(1)(b) guides a trial court's exercise of that discretion. Such guidance is found in R.C.

2929.13(B)(2), which directs a trial court considering prison or community control for a fourth of fifth-degree felony to consider the purposes and principles of sentencing as well as the statutory seriousness and recidivism factors." *Id.* But "R.C. 2929.13(B)(2) applies *only if* R.C. 2929.13(B)(1) does not. * * * Thus, a literal reading of R.C. 2929.13(B)(2) would leave [a] trial court in a dilemma. It would have discretion to impose community control or a prison term * * * [if] (B)(1)(b)(i) applied, but would have no guidance in the exercise of that discretion because (B)(2) only applies if (B)(1) does not." *Id.* at ¶ 11.

{¶ 9} Based on our examination of the foregoing statutory scheme in *Taylor*, we found "an obvious error of omission in R.C. 2929.13(B)(2)." *Id.* at ¶ 12. We explained:

* * * Instead of saying "[i]f division (B)(1) of this section does not apply," a court considering community control or a prison term must consider the purposes and principles of sentencing and the statutory seriousness and recidivism factors, we believe R.C. 2929.13(B)(2) necessarily was intended to begin, "If division (B)(1)(a) of this section does not apply, * * *[.]" Referring specifically to division (B)(1)(a), rather than to division (B)(1) as a whole, avoids some absurd results while making the statute coherent and internally consistent.

We reach this conclusion for at least two reasons. First, excluding division (B)(1)(a) from division (B)(2) makes perfect sense given the nature of the two provisions. Division (B)(1)(a) mandates community control for the least egregious F4 and F5 offenders. That being so, it would be impossible for a trial court to exercise "discretion" under division (B)(2), by considering the purposes and principles of sentencing and the seriousness and recidivism factors, to determine

whether defendants falling under division (B)(1)(a) should receive community control. For those defendants, community control is automatic. A trial court has no discretion. Second, reading division (B)(2) as excluding only defendants subject to mandatory community control under division (B)(1)(a) resolves the dilemma a trial court faces with regard to a defendant * * * who falls under R.C. 2929.13(B)(1)(b) * * * and, therefore, could be sentenced to community control or prison. If division (B)(2) applies where division (B)(1)(a) does not, then the trial court here could exercise its discretion under division (B)(2) to sentence [the defendant] to community control. This is so because, as explained above, [he] did not fit within R.C. 2929.13(B)(1)(a).

In short, the only reasonable interpretation of R.C. 2929.13(B)(2) is that the legislature intended (B)(2) to apply whenever R.C. 2929.13(B)(1)(a) [mandatory community control] did not. [footnote omitted]. Because R.C. 2929.13(B)(1)(a) did not apply to [the defendant], the trial court had discretion to sentence him to prison or community control pursuant to R.C. 2929.13(B)(1)(b). In exercising that discretion, the trial court had to proceed under R.C. 2929.13(B)(2), which provided for consideration of the purposes and principles of sentencing along with the statutory seriousness and recidivism factors. Therefore, in sentencing [the defendant] to community control, the trial court necessarily did impose that sanction under R.C. 2929.13(B)(2). Accordingly, pursuant to R.C. 2951.041(B)(1), he was ILC eligible. * * *

*Id.* at ¶ 12-14.

{¶ 10}  Applying *Taylor's* reasoning to the present case, we likewise find that Crawford was ILC eligible. As a threshold matter, she appears to have met all of the requirements for mandatory community control under R.C. 2929.13(B)(1)(a). However, based on its finding that she had violated her own-recognizance bond by not appearing for arraignment, the trial court regained discretion to impose community control or a prison term pursuant to R.C. 2929.13(B)(1)(b)(iii). In exercising its discretion, "the trial court had to proceed under R.C. 2929.13(B)(2)[.]" *Taylor* at ¶ 14. Therefore, it necessarily imposed community control "under" R.C. 2929.13(B)(2), making Crawford ILC eligible. *Id.* We agree with the parties that the trial court erred in concluding otherwise. Crawford's first assignment of error is sustained.

{¶ 11}  In her second assignment of error, Crawford claims the trial court erred in revoking her own-recognizance bond and setting a $10,000 surety bond without a hearing, thereby depriving her of due process.

{¶ 12}  We find no reversible error in the trial court's bond decision for at least two reasons. First, after a conviction "'any error concerning the issue of pretrial bail is moot.'" *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 206, quoting *State v. Patterson*, 110 Ohio App.3d 264, 271, 673 N.E.2d 1001, 1006 (10th Dist.1996). Second, the trial court's revocation of the own-recognizance bond ironically *made* Crawford eligible for ILC. As noted above, but for her alleged violation of bond by not appearing for arraignment, she would have been subject to mandatory community control under R.C. 2929.13(B)(1)(a). In *Taylor*, we recognized the oddity "that, on its face, the ILC statute, R.C. 2951.041(B)(1), precludes from eligibility the least egregious offenders who would receive mandatory community control under R.C. 2929.13(B)(1)(a) and, therefore, would not be sentenced under R.C. 2929.13(B)(2)." *Taylor*

at ¶ 14 fn.4. Here the trial court's finding that Crawford had violated her own-recognizance bond worked to her advantage by making community control discretionary under R.C. 2929.13(B)(1)(b)(iii) and allowing the trial court to impose it "under" R.C. 2929.13(B)(2), thereby making her ILC eligible. Therefore, we cannot say that Crawford was prejudiced by the trial court's bond decision. Her second assignment of error is overruled.

{¶ 13}   Having sustained the first assignment of error, we reverse the trial court's judgment and remand the cause for the trial court to determine, in the exercise of its discretion, whether to grant Crawford ILC.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
April F. Campbell
Dennis L. Bailey
Hon. Dennis J. Langer