[Cite as *State v. Clem*, 2020-Ohio-690.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-61 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-0138B |
| | : | |
| KALEB CLEM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 28th day of February, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

THOMAS W. KIDD, JR., Atty. Reg. No. 0066359, 8913 Cincinnati-Dayton Road, West Chester, Ohio 45069
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Kaleb Clem, appeals from a judgment of the Clark County Court of Common Pleas, which found him guilty of trespass in a habitation following his guilty plea and sentenced him to eight months in prison. In support of his appeal, Clem argues that his possession and ingestion of marijuana on the day of the presentence investigation interview did not violate the terms of his bond to a degree sufficient to overcome the presumption in favor of community control for an offender in his position. Because the sentence is not clearly and convincingly unsupported by the record and is not contrary to law, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} In March 2019, Clem and a co-defendant were indicted on one count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony. The charge stemmed from allegations that the two men broke into a residence and took a 55-inch television and a PlayStation 3. After entering a plea of not guilty, Clem was released on his own recognizance. The bond conditions required, inter alia, that he comply with all criminal provisions of the Ohio Revised Code and that he submit to random drug screenings.

{¶ 3} In May 2019, defense counsel moved for a competency determination. Clem was deemed competent to stand trial and, shortly thereafter, pled guilty to the reduced charge of trespass in a habitation in violation of R.C. 2911.12(B) (person present or likely to be present), a fourth-degree felony. The trial court set the matter for sentencing and ordered a presentence investigation report.

{¶ 4} Clem appeared before the Adult Probation Department for his presentence investigation interview in July 2019. He admitted to the probation officer that he had smoked marijuana prior to his arrival that day. Following a hearing, the trial court

sentenced Clem to an eight-month term in the Ohio Department of Rehabilitation and Correction.

{¶ 5} Clem now appeals, raising a single assignment of error for review.

**Alleged Error in Imposing a Term of Incarceration**

{¶ 6} In his sole assignment of error, Clem mounts a dual offensive against the prison term imposed by the trial court. First, he contends that the sentence is contrary to law because it contravenes the statutory presumption in favor of community control for offenders in his position and does not align with the principles and purposes of sentencing. While he admitted to possessing and ingesting marijuana on the day of his presentence interview, Clem maintains that said act did not violate the express terms of his bond in a manner sufficient to warrant incarceration. Second, Clem insists that the record does not clearly and convincingly support the imposition of a prison sentence.

{¶ 7} The established standard of review for felony sentences is codified in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 8-9. The statute empowers an appellate court to vacate or modify a sentence only if it clearly and convincingly finds that the record does not support the sentence or that the sentence is contrary to law. *Id. See also State v. Mayberry*, 2d Dist. Montgomery No. 27530, 2018-Ohio-2220, ¶ 41. This standard is highly deferential. *State v. Tepfenhart*, 2d Dist. Clark No. 2018-CA-81, 2019-Ohio-651, ¶ 15.

{¶ 8} R.C. 2929.13(B)(1)(a) mandates the imposition of community control sanctions for a low-level felony that is either a nonviolent offense or a qualifying assault offense when the following requirements are met:

(i) The offender previously has not been convicted of or pleaded

guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

Former R.C. 2929.13(B)(1)(a)(i)-(iv).

{¶ 9} This mandate notwithstanding, R.C. 2929.13(B)(1)(b) affords a trial court discretion to impose a prison term upon a defendant who otherwise would fit within the scope of division (B)(1)(a) if one or more of the enumerated factors apply. Relevant to the instant appeal is the factor listed under R.C. 2929.13(B)(1)(b)(iii), which provides that the trial court may impose a prison term if "the offender violated a term of the conditions of bond as set by the court." Clem's admitted possession and use of marijuana while he was constrained by the conditions of bond was just such a violation.

{¶ 10} The arraignment entry in this case reflected the following conditions of Clem's own recognizance bond:

1. Comply with all criminal provisions of the Ohio Revised Code;

2.     Appear timely before the Court for all hearings, pre-trials, trial, and any other matters set by the Court;

3.     Engage in no contact, directly or indirectly, with the alleged victim to victims in this case; and

4.     Submit to random drug screenings.

Arraignment Entry (March 11, 2019). Condition one expressly required Clem to obey all Ohio criminal laws, and condition four put him on notice that he would be monitored for illegal drug use.

{¶ 11} The Tenth District Court of Appeals found that the inclusion of language regarding random drug screenings, alone, was sufficient to notify the accused that "refraining from the use of such substances was an inherent condition of [the] bond." *State v. Hughey*, 10th Dist. Franklin No. 13AP-135, 2013-Ohio-4155, ¶ 13. Even without such language, our sister court has deemed the abstention from illegal drugs "at the very least, an implied condition of bond." *State v. Bell*, 10th Dist. Franklin No. 14AP-618, 2015-Ohio-2420, ¶ 20. *Compare State v. Springer*, 2015-Ohio-1941, 34 N.E.3d 441 (2d Dist.) (stating, "[u]nless otherwise expressed by the trial court, the only condition of an own-recognizance bond is that the defendant appear on the date specified by the court").

{¶ 12} The same considerations apply here. Both the express and inherent conditions of Clem's bond barred him from illegal drug use. We therefore find that the trial court was vested with discretion to impose a prison sentence after Clem violated a condition of bond by possessing and ingesting marijuana.

{¶ 13} Clem urges us to temper his admitted drug use by considering the trend toward decriminalization of marijuana among Ohio municipalities. Even if statewide

decriminalization stands on the horizon, the sun has not dawned on that day. Clem's possession and use of marijuana did not comply with Ohio law as it currently exists in this jurisdiction. The resultant bond violation rendered Clem eligible for prison under R.C. 2929.13(B)(1)(b)(iii). Therefore, the only remaining consideration is whether Clem's sentence is otherwise contrary to law.

{¶ 14} A sentence is contrary to law when it falls outside the statutory range for the offense. *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.). A trial court enjoys full discretion to impose a sentence within the authorized range, and need not make any particular findings or memorialize its reasons for imposing maximum or more than minimum sentences. *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). In exercising this discretion, however, the court must consider the statutory criteria that apply to every felony offense, including those set forth in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 15} Here, Clem's sentence of eight months lay well within the permissible range for a fourth-degree felony (six to 18 months), and did not constitute the maximum sentence for the offense. *See* R.C. 2911.12(B) and (E); R.C. 2929.14(A)(4). Moreover, the record of the disposition hearing and judgment entry indicate that the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. *See* Disposition Tr. p. 5, 37-39. *See also* Judgment Entry of Conviction, p. 1.

{¶ 16} The trial court reiterated that the prosecution against Clem and his co-defendant commenced because they had broken into someone's home and stolen

personal property. While the court refrained from discussing the contents of the victim impact statement, it indicated the victim was quite fearful in the aftermath of the incident. The state offered a plea deal to the reduced offense of a trespass in a habitation due to mitigating factors in favor of Clem. The co-defendant had been convicted of burglary and sentenced to nine months in prison. Although the parties agreed Clem was not the instigator of the offense, his willing participation was undisputed. The court further noted that Clem violated the condition of his bond requiring him to comply with all Ohio criminal laws by having and using marijuana on the day of his presentence interview.

{¶ 17} Upon consideration of the above, we do not clearly and convincingly find that the record does not support Clem's sentence or that the sentence is contrary to law. Accordingly, his sole assignment of error lacks merit and is overruled.

## Conclusion

{¶ 18} Having overruled Clem's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Thomas W. Kidd, Jr.
Hon. Douglas M. Rastatter