[Cite as *State v. Reeder*, 2020-Ohio-5107.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 2019-CA-39 & |
| Plaintiff-Appellee | : | 2019-CA-40 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-764 & |
| | : | 2019-CR-122 |
| DESHAWN REEDER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of October, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

CHARLES W. SLICER III, Atty. Reg. No. 0059927, 426 Patterson Road, Dayton, Ohio 45419
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} In a joint plea hearing, Deshawn Reeder pled guilty to aggravated possession of drugs, a fifth-degree felony, in Clark C.P. No. 2018-CR-764 and to possession of heroin, a fourth-degree felony, in Clark C.P. No. 2019-CR-122. The trial court subsequently sentenced Reeder to 12 months in prison for aggravated possession of drugs and 18 months in prison for possession of heroin, to be served concurrently.

{¶ 2} Reeder appeals from his convictions, challenging the trial court's imposition of prison sentences, pursuant to R.C. 2929.13(B)(1)(b)(iii), and its calculation of jail time credit. For the following reasons, the trial court's judgments will be vacated to the extent that they imposed prison sentences, and those sentences will be modified to community control sanctions for a period of up to five years. In all other respects, including the orders regarding the forfeiture of currency, the trial court's judgments will be affirmed. Reeder's community control sanctions will be deemed completed and terminated immediately. Finally, because Reeder should not have been sentenced to prison, his post-release control will be vacated.

### I. Factual and Procedural History

{¶ 3} According to the presentence investigation report (PSI), on August 14, 2018, Springfield Police Officer Massie stopped a Jeep Cherokee that Reeder was driving due to the absence of a front license plate. Massie learned that Reeder did not have a driver's license. After Reeder consented to a search of his vehicle and his person, Officer Massie removed a large quantity of cash and 15 grams of marijuana from Reeder's front pants pockets. Officer Massie noticed a white powdery substance rolled inside the currency, and Reeder admitted to snorting cocaine using a rolled up dollar bill. Inside

the vehicle, Officer Massie located a gun, several cell phones, digital scales, and "misc. property."  Reeder was charged with trafficking in drugs, possession of marijuana, and possession of drug paraphernalia, and taken to the Clark County Jail.   Reeder was also cited for driving without a license.

{¶ 4} At the jail, Reeder initially denied that he had any contraband on his person. However, when a deputy began searching Reeder's pockets, Reeder indicated that he may be in possession of additional drugs.   The deputy had already pulled out Reeder's left front pocket, and several pills dropped to the floor.   The pills were imprinted with "RP7.5 325" and were suspected to be Oxycodone.   Reeder was additionally charged with trafficking in drugs and illegal conveyance of drugs.   The record suggests that Reeder was released from jail the same day.

{¶ 5} In November 2018, a grand jury indicted Reeder in Case No. 2018-CR-764 for illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility, in violation of R.C. 2921.36(A)(2), a third-degree felony, and two counts of aggravated possession of drugs, in violation of R.C. 2925.11(A), both fifth-degree felonies.   The bill of particulars indicated that the charges were based on Reeder's possession of 12 tablets containing Oxycodone, a Schedule II narcotic, at the Clark County Jail.

{¶ 6} The PSI further stated that, on December 28, 2018, Officers Melvin and Freeman were dispatched to a residence to check on the welfare of Mariah Hereford. The caller had indicated that Hereford was at the residence and "a male was putting his hands on her."   At the residence, the officers located Hereford, crying and looking visibly scared.   She told the officers that Reeder was upset about items he observed on her

phone, and that he broke her phone, assaulted her, and threatened to break her laptop.

{¶ 7} The officers saw Reeder at the residence and, upon entering the basement, they observed Reeder hiding in the crawlspace. The officers ordered Reeder to come out and show his hands. Reeder was holding a white sock, which officers later found contained a plastic baggie with a white rock-like substance inside some rolled-up brown paper towels. At the plea hearing, the prosecutor indicated that the sock contained 2.51 grams of heroin. The police also found $286 on Reeder's person.

{¶ 8} Reeder was arrested and initially charged with abduction, domestic violence, tampering with evidence, possession of drugs, and trafficking in drugs. At the jail, a deputy discovered a piece of napkin in the crotch area of Reeder's sweatpants; the napkin contained a small yellow pill believed to contain Acetaminophen and Oxycodone.

{¶ 9} The same day (December 28, 2018), a police officer arrested Reeder on the November indictment. On January 4, 2019, Reeder pled not guilty in Case No. 2018-CR-764, and the court set a bond of $15,000. The arraignment entry included four conditions for the bond:

1. Comply with all criminal provisions of the Ohio Revised Code;

2. Appear timely before the Court for all hearings, pre-trials, trial, and any other matters set by the Court;

3. Engage in no contact, directly or indirectly, with the alleged victim or victims in this case; and

4. Submit to random drug screenings.

Reeder was released on bond the same day.

{¶ 10} On February 26, 2019, Reeder was indicted in Case No. 2019-CA-122 for

possession of heroin, a fourth-degree felony (Count 1), two counts of aggravated possession of drugs, both fifth-degree felonies (Counts 2 and 3), tampering with evidence, a third-degree felony (Count 4), trafficking in heroin, a third-degree felony (Count 5), and illegal conveyance, a third-degree felony (Count 6). The indictment included a forfeiture specification for the $286. The charges were based on Reeder's conduct on December 28, 2018.

{¶ 11} Reeder appeared for arraignment in Case No. 2019-CR-122 on March 1. Reeder requested, and the court granted him an own recognizance (OR) bond with conditions. The conditions, as set forth in the trial court's arraignment entry, were identical to those for the $15,000 bond in Case No. 2018-CR-764.

{¶ 12} On April 25, 2019, after a Crim.R. 11 colloquy, Reeder pled guilty to Count 2 of Case No. 2018-CR-764 (aggravated possession of drugs) and Count 1 of Case No. 2019-CR-122 (possession of heroin). In exchange for the pleas, the State agreed to dismiss the remaining charges in both cases. The parties further agreed that Reeder would forfeit the $6,674 in the 2018 case as proceeds of aggravated possession of drugs and the $286 in the 2019 case as an instrumentality that was used in the commission of a felony. The parties agreed to a presentence investigation. The trial court told Reeder at the plea hearing that, as an additional condition of his bond, he needed to cooperate fully with the probation department during the presentence investigation.

{¶ 13} At the bottom of the plea form, the trial court found Reeder guilty, scheduled sentencing for May 16, and indicated that bond was continued "w/ C," which apparently means "with conditions." The trial court did not file a separate entry modifying the conditions of bond to include the requirement that Reeder cooperate fully with the

probation department during the presence investigation.

{¶ 14} According to the PSI, Reeder completed a PSI questionnaire but failed to appear for his PSI interview. The PSI states:

The defendant was a no call no show for his PSI interview on May 07, 2019 @ 2pm. Phone the defendant on May 08, 2019 and his phone was not taking calls. Phone his father's number and unable to leave a voicemail on that number. The defendant's relative called later in the day on May 08, 2018 [sic] asking to reschedule an appointment for the defendant. This officer told her that I needed to speak with the defendant and couldn't schedule an appointment through a 3rd party. The defendant then showed up on the May 08, 2019 at 2:30p.m. This officer was busy and rescheduled the defendant's PSI interview for May 13th at 11am. The defendant then failed to show for that appointment. This PSI was completed using his questionnaire.

{¶ 15} The court held a sentencing hearing on both cases on May 16, 2019. The trial court imposed 12 months in prison for aggravated possession of drugs and 18 months in prison for possession of heroin, to be served concurrently. In imposing prison terms, the court found that it had the discretion to impose prison sentences upon Reeder, pursuant to R.C. 2929.13(B)(1)(b)(iii), because Reeder violated a condition of bond by failing to cooperate fully with the probation department during the presentence investigation. The court informed Reeder about several statutory provisions through which his prison sentence could be reduced, and it notified him that he was subject to a three-year term of post-release control at the option of the parole authority. The court

ordered the forfeiture of the currency as agreed by the parties.

{¶ 16} The trial court also told Reeder, "You will receive credit for time spent in the Clark County Jail towards your sentence," but the court did not specify the amount of jail time credit Reeder would receive. The judgment entry for Case No. 2019-CR-122 stated that Reeder would receive jail time credit for December 29, 2018 to January 4, 2019 and May 16, 2019 until conveyance to the penitentiary. The judgment entry for Case No. 2018-CR-764 did not mention jail time credit.

{¶ 17} Reeder appeals from his convictions. His original counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon our independent review, we identified two non-frivolous issues related to Reeder's sentence. Reeder now raises two assignments, challenging the trial court's imposition of prison terms under R.C. 2929.13(B)(1)(b)(iii) and its failure to provide jail time credit in Case No. 2018-CR-764.[1]

## II. Imposition of Prison Sentences

{¶ 18} In his first assignment of error, Reeder claims that his prison sentences were clearly and convincingly unsupported by the record and contrary to law. Specifically, Reeder claims that the trial court was required to impose community control, because it failed to memorialize the orally-stated bond requirement that was the basis for the imposition of a prison sentence, i.e., that he fully cooperate with the probation department during the presentence investigation. Reeder asserts that none of the

---

[1] The website for the Ohio Department of Rehabilitation and Correction indicates that Reeder was released from prison on August 11, 2020, and is under Adult Parole Authority supervision (i.e., post-release control). Although Reeder has completed his prison sentence, his appeal is not moot, because he would not be subject to post-release control if his prison sentences were reversed.

statutory bases in R.C. 2929.13(B)(1)(b) for the imposition of a prison term for a fourth- or fifth-degree felony applied.

{¶ 19} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 20} R.C. 2929.13(B)(1)(a) provides that, except as provided in R.C. 2929.13(B)(1)(b), community control is mandatory for certain fourth- or fifth-degree felonies if all the provisions in R.C. 2929.13(B)(1)(a)(i)-(iv) apply. A trial court may impose a prison term upon an offender who commits a fourth- or fifth-degree felony that is not an offense of violence if, among other things, the offender "violated a term of the conditions of bond as set by the court."[2] R.C. 2929.13(B)(1)(b)(iii).

{¶ 21} The trial court's arraignment entries set bonds ($15,000 in Case No. 2018-CR-764 and an OR bond in Case No. 2019-CR-122), both of which included the condition that Reeder "[a]ppear timely before the Court for all hearings, pre-trials, trial, and any other matters set by the Court." At Reeder's plea hearing, the trial court orally informed

---

[2] When Reeder committed his offenses, R.C. 2929.13(B)(1)(b) contained ten additional circumstances under which a trial court had the discretion to impose a prison sentence on an offender who committed a fourth- or fifth-degree felony that was not an offense of violence. None of these circumstances is applicable to Reeder.

Reeder that his bonds would have an additional condition that he "cooperate fully with the probation department during the presentence investigation."  The court did not file an entry in either case that memorialized the orally-stated additional bond condition. Nevertheless, the trial court later concluded at sentencing that Reeder's failure to cooperate fully with the presentence investigation permitted the court to impose prison sentences rather than community control.

{¶ 22} Reeder argues on appeal that the trial court's orally-stated additional bond condition had no effect, because it was not memorialized in writing.   The State responds that Reeder violated "both the original terms of his bond as set forth at the time of his arraignments and the additional condition prescribed by the court at the plea hearing."

{¶ 23} It is well established that "a court speaks only through its journal entries, not through its oral pronouncements."   *State v. Smith*, 2d Dist. Montgomery No. 26217, 2015-Ohio-700, ¶ 10. *See also, e.g.*, *State v. Henderson*, Ohio Slip Opinion No. 2020-Ohio-4784, __ N.E.3d __, ¶ 39, citing *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 15; *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 455, 727 N.E.2d 907 (2000).   We agree with Reeder that, in the absence of a written entry, the condition that he "cooperate fully with the probation department during the presentence investigation" did not become a separately-enumerated condition of his bond. Consequently, the trial court was not permitted under R.C. 2929.13(B)(1)(b)(iii) to sentence Reeder to prison based on a violation of that orally-stated condition.[3]

---

[3] We note that we have previously upheld the imposition of prison terms under R.C. 2929.13(B)(1)(b)(iii) based on the failure to cooperate fully with a presentence investigation.   *See State v. Ward*, 2d Dist. Clark No. 2017-CA-81, 2018-Ohio-2572; *State v. Mitchell*, 2d Dist. Greene No. 2019-CA-12, 2019-Ohio-5270.   In those cases, however, the trial court appears to have journalized its order that the defendant cooperate fully with

{¶ 24} The State asserts that Reeder nevertheless violated the condition of his bonds that he "[a]ppear timely before the Court for all hearings, pre-trials, trial, and *any other matters set by the Court.*" (Emphasis added.) We disagree. The presentence investigation interviews were neither matters "before the Court" nor "set by the Court."

{¶ 25} Because the presentence investigation interviews did not fall within the original bond conditions and there was no written bond condition that Reeder cooperate fully with the probation department during the presentence investigation, the trial court erred in concluding that Reeder had violated a term of the conditions of bond as set by the court. Accordingly, the trial court was not permitted under R.C. 2929.13(B)(1)(b)(iii) to impose prison terms, rather than community control.

{¶ 26} Reeder's first assignment of error is sustained.

### III. Jail Time Credit

{¶ 27} In his second assignment of error, Reeder claims that the trial court erred by failing to "determine and award jail time for Case No. 2018-CR-764, contrary to the Equal Protection Clause, R.C. 2967.191, and R.C. 2929.19(B)(2)(g)(i)."

{¶ 28} R.C. 2967.191, governing jail time credit, implements the equal protection right to credit for prior incarceration. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440; *State v. Angi*, 2d Dist. Greene No. 2011-CA-72, 2012-Ohio-3840, ¶ 7, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5. The statute provides, in part:

> The department of rehabilitation and correction shall reduce the prison term

---

the presentence investigation as a condition of bond.

of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, [and] confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

R.C. 2967.191(A).

{¶ 29} "Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. At sentencing, the trial court is required to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *." R.C. 2929.19(B)(2)(g)(i); *see State v. Weideman*, 11th Dist. Portage No. 2017-P-0059, 2018-Ohio-3108, ¶ 13.

{¶ 30} Here, the trial court provided jail time credit for Case No. 2019-CR-122, but awarded no jail time credit for Case No. 2018-CR-764. The State concedes that, because Reeder received concurrent sentences, the trial court should have given jail time credit for both cases. The State suggests that "the best way to remedy the matter is to remand it back to the trial court for resentencing on this specific issue."

{¶ 31} At this juncture, we must conclude that the trial court's failure to provide jail

time credit in Case No. 2018-CR-764 is moot. According to the Ohio Department of Rehabilitation and Correction website, Reeder has completely served his aggregate 18-month sentence, and he is now on post-release control. There is no remedy that we can provide Reeder for the trial court's failure to give jail time credit in Case No. 2018-CR-764.

{¶ 32} Reeder's second assignment of error is overruled as moot.

### III. Conclusion

{¶ 33} Because the trial court did not have the discretion to impose prison terms under R.C. 2929.13(B)(1)(b)(iii), the portions of the trial court's judgments imposing prison terms will be vacated, and the prison sentences in both cases will be modified to community control sanctions for a period of up to five years. In all other respects, including the orders regarding the forfeiture of currency, the trial court's judgments will be affirmed.

{¶ 34} Reeder's community control sanctions will be deemed completed and terminated immediately. In addition, because Reeder should not have been sentenced to prison, his post-release control will be vacated.

. . . . . . . . . . . . .


DONOVAN, J., concurs.

WELBAUM, J., dissents:

{¶ 35} I very respectfully dissent. I believe that we cannot clearly and convincingly find that the record does not support the sentencing court's finding under R.C. 2929.13(B)(1)(b)(iii), i.e., that Reeder violated a term of the conditions of bond as

set by the trial court. The record indicates that the trial court notified Reeder of the original terms of his bond at his arraignment hearings and in the corresponding arraignment entries. The trial court thereafter notified Reeder of an additional condition of his bond at his plea hearing. The additional condition was that Reeder was required to "cooperate fully with the probation department during the presence investigation." Plea Hearing Tr. p. 10. The same day that Reeder was notified of this additional condition, the trial court issued a "Judgment Entry of Guilty." This judgment entry stated that: "Bond is cont. w/c." Judgment Entry of Guilty, p. 3. This indicated that Reeder's bond was continued with conditions.

{¶ 36} With this in mind, I disagree with the majority's conclusion that "the trial court did not file a separate entry modifying the conditions of bond to include the requirement that Reeder cooperate fully with the probation department during the presence investigation." Although the "Judgment Entry of Guilty" was located on the last page of Reeder's plea form, it was nevertheless a separately signed entry by which the trial court journalized not only Reeder's guilty plea, but the trial court's decision to continue Reeder's bond with conditions. When considering the trial court's advisement about the additional condition of bond at the plea hearing, I believe the language "[b]ond is cont. w/c" in the "Judgment Entry of Guilty" necessarily encompassed the additional condition requiring Reeder to cooperate with the probation department during his presence investigation.

{¶ 37} This court has indicated that a defendant must receive "prior notice" of the conditions of his bond in order for a prison term to be authorized for violating those conditions under 2929.13(B)(1)(b)(iii). *See State v. Springer*, 2015-Ohio-1941, 34 N.E.3d 441, ¶ 20 (2d Dist.). In *Springer*, we found reversible error where the trial court

did not inform the defendant *at the plea hearing* of an additional condition of bond that she refrain from using illegal drugs prior to sentencing. *Id.* at ¶ 18-22. Specifically, we stated that:

> [A]t no time during the plea hearing was Springer ever informed by the trial court that as a condition of her OR bond, she would be subject to random drug screenings. Unless otherwise expressed by the trial court, the only condition of an own-recognizance bond is that the defendant appear on the date specified by the court. *See State v. Crawford*, 2d Dist. Montgomery No. 26073, 2014-Ohio-4599. As done by the trial court in [*State v. Hughey*, 10th Dist. Franklin No. 13AP-135, 2013-Ohio-4155], **the court here should have informed Springer at her plea hearing that she would be subject to random screenings as a special condition of her own-recognizance bond.** The plain language of R.C. 2929.13(B)(1)(b)(iii) expressly states that the trial court can avoid the presumption of community control and "impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence" only if "[t]he offender violated a term of the conditions of bond *as set by the court*."

> Here, it is undisputed that **at no time did the trial court expressly state that as a special condition of Springer's own-recognizance bond, she would be subject to random drug screenings.** All that was required of Springer was that she appear for her sentencing hearing, which she did. Thus, the trial court violated Springer's constitutional right to due process

when he, ***without any prior notice***, ordered her to submit to a drug screen at the sentencing hearing. We note that this opinion should in no way be understood to condone or turn a blind eye to the use of illegal drugs. Rather, ***we simply find that a trial court is required to provide notice to a defendant if it intends to order him or her to submit to a drug screen as a condition of an own-recognizance bond.*** Therefore, we find that because Springer did not violate "a term of the conditions of bond as set by the court," the trial court plainly erred when it imposed a prison sentence upon appellant. R.C. 2929.13(B)(1)(b)(iii).

(Emphasis added.) *Springer* at ¶ 19-20.

**{¶ 38}** Unlike *Springer*, in the present case, the trial court provided the required notice at the plea hearing when it advised Reeder of the additional bond condition that he cooperate with the probation department during the PSI. As noted by the majority, Reeder failed to cooperate with the probation department by not appearing twice for scheduled PSI interviews. Reeder therefore violated a condition of his bond. Accordingly, the trial court's finding in that regard was not unsupported by the record.

**{¶ 39}** The facts of the present case are nearly identical to that in *State v. Ward*, 2d Dist. Clark No. 2017-CA-81, 2018-Ohio-2572. In *Ward*, the trial court imposed conditions of bond at the arraignment hearing and subsequently imposed an additional condition of bond at the plea hearing that required Ward to "cooperate fully with the probation department during the PSI." *Id*. at ¶ 2-3. Although it was not indicated in *Ward* whether the trial court journalized the additional bond condition, we affirmed the trial court's decision to impose a prison sentence for Ward's fourth-degree felony under

the authority of R.C. 2929.13(B)(1)(b)(iii). Specifically, we stated that:

> In this case, the trial court found that the factor in R.C. 2929.13(B)(1)(b)(iii) applied to Ward because he violated not just one, but two conditions of his bond. As previously discussed, the first violation resulted from Ward possessing and using drugs while on bond. The second violation resulted from Ward failing to cooperate with the probation department during his PSI interview. Due to the second bond violation for failing to cooperate with the probation department, Ward would have been eligible for a prison term under R.C. 2929.13(B)(1)(b)(iii) regardless of the incriminating statements he made about his drug use and possession.

*Id.* at ¶ 13.

{¶ 40} Moreover, I believe it is apparent from the record that Reeder also violated the terms of one of the original bond conditions that the trial court imposed during the arraignment proceedings. Specifically, the trial court ordered Reeder to: "Appear timely before the Court for all hearings, pre-trials, trial, and any other matters set by the Court." Arraignment Entry p. 1. I believe Reeder's failure to attend his scheduled PSI interviews violated this condition.

{¶ 41} The majority claims this bond condition was not violated because the scheduled PSI interviews were not set "before the Court" or set "by the Court." However, it is generally accepted that a bond condition may be reasonably implied. *State v. Clem,* 2d Dist. Clark No. 2019-CA-61, 2020-Ohio-690, ¶ 11. In *Clem,* we noted that: "The Tenth District Court of Appeals found that the inclusion of language regarding random drug screenings, alone, was sufficient to notify the accused that 'refraining from the use of such

substances was an inherent condition of [the] bond.' "  *Id.* at ¶ 11, quoting *State v. Hughey*, 10th Dist. Franklin No. 13AP-135, 2013-Ohio-4155, ¶ 13.

{¶ 42} In my opinion, the bond condition requiring Reeder to "[a]ppear timely before the Court for all hearings, pre-trials, trial, and any other matters set by the Court" necessarily implies that Reeder must attend all court-ordered appearances.   Therefore, because the trial court ordered a PSI to be completed, I believe Reeder's attendance at the PSI interview qualified as a matter set by the trial court.   Accordingly, Reeder's failure to attend the PSI interview necessarily violated the condition that he timely appear for "any other matters set by the Court."

{¶ 43} For all the foregoing reasons, I believe this court cannot clearly and convincingly find that there was nothing in the record to support the trial court's finding that Reeder violated a condition of his bond.   Therefore, I would find that the trial court had discretion under R.C. 2929.13(B)(1)(b)(iii) to impose a prison sentence for Reeder's fourth and fifth- degree felonies, and affirm the trial court's sentencing decision.


Copies sent to:

John M. Lintz
Charles W. Slicer, III
Clark County Probation Office
Hon. Douglas M. Rastatter